UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ERIC WELLINGTON,<br><br>                              Plaintiff,<br><br>v.<br><br>LT. CHRISTOPHER LEARN, SGT. JEFFREY WOOD, CO PAUL TOMISMAN, CO TODD BOWMAN, CO DOUGLAS OTTO, CO GREG CHORNEY, CO TIMOTHY SEWALT,<br><br>                              Defendants. | No. 6:22-CV-6145 (CJS) (CDH)<br><br>STIPULATION AND <s>[PROPOSED]</s> PROTECTIVE ORDER |

---

In the above-captioned litigation (the "Action"), Plaintiff Eric Wellington and Defendants Lt. Christopher Learn, Sgt. Jeffrey Wood, CO Paul Tomisman, CO Todd Bowman, CO Douglas Otto, CO Greg Chorney, CO Timothy Sewalt ("Defendants"), hereby agree to entry of this agreed upon and stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c), regarding the production of documents, reports, video, audio, photographs, and other materials, including but not limited to, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by the parties to this Action in connection with any discovery (the "Discovery Material").

**WHEREAS**, the parties believe that discovery in this Action may involve the production of confidential documents such as non-public medical, mental health, financial, and educational records.

**WHEREAS**, the parties believe it would be appropriate for discovery in the Action to be conducted under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND ORDERED THAT:**

1. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and the "Receiving Party" shall mean any party who is not the Producing Party for that document or information.

2. Any party to this Action, and any non-party from whom discovery is sought in connection with this Action, may designate as "CONFIDENTIAL" any non-public document, testimony, or other Discovery Material that the Producing Party or non-party reasonably and in good faith believes to constitute:

   a. Plaintiff's, Defendants', or potential witnesses' or other third parties' sensitive personal information, including but not limited to social security numbers, addresses, phone numbers, dates of birth, and names of family members;

   b. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

   c. Records restricted or prohibited from disclosure by statute; or

   d. Other confidential or sensitive information of personal nature to Plaintiff, Defendants, or third parties, including but not limited to health, medical, substance use, financial, or educational records.

3.    Any party to this Action, and any non-party from whom discovery is sought in connection with this Action, may designate as "CONFIDENTIAL" any document, testimony, or other Discovery Material that the Producing Praty or non-party reasonably and in good faith believes to constitutes confidential information by doing the following:

a.    As to documentary information (including but not limited to electronic documents, deposition exhibits, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

b.    As to deposition transcripts, the Producing Party may designate portions of such transcripts as "CONFIDENTIAL" by notifying the reporter and all counsel of record, in writing, within ten (10) days after receipt of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.  No deposition transcript shall be disclosed, and no individual attending such a deposition shall disclose, the contents of the deposition to any individual other than the individuals described in Paragraph 6 and the deponent during these ten (10) days.

c.    As to other Discovery Material that is not easily physically marked, such as video or audio recordings, the Producing Party may provide written correspondence to all other parties that clearly identifies the Discovery Material at issue and designates it as "Confidential" by including "Confidential" in the electronic file name of the Discovery Material, if applicable.

4. Any party to this Action, and any non-party from whom discovery is sought in connection with this Action, may designate as "CONFIDENTIAL-ATTORNEY EYES ONLY" any document, testimony, or other Discovery Material that the Producing Party or non-party reasonably and in good faith believes to constitute or include highly sensitive non-public personal information that, if disclosed without the protections provided herein for "CONFIDENTIAL-ATTORNEY EYES ONLY" information, would violate an applicable federal or state law privilege, jeopardize the personal safety or wellbeing of anyone, or the security and good order of a correctional facility.

5. All persons receiving "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" material shall take all steps reasonably necessary to prevent the disclosure of such material to anyone other than persons identified below.

6. Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the Receiving Party, shall not be used or disclosed by the Receiving Party for any purpose or function except in connection with the preparation and conducting of this Action, including depositions, trials, and appeals, if any, and shall not be used for any other purpose. Materials marked or otherwise designated as "CONFIDENTIAL" shall not be disclosed by the Receiving Party to any other person except:

    a. the Court and Court personnel engaged in proceedings incident to this Action;

    b. court reporters before whom a deposition in this Action is taken, including stenographic reporters, videographers, and any secretarial, clerical, or other lay personnel assisting such reporter or videographer;

    c. the individual parties to this Action;

  d. counsel, as well as their paralegal agents, contractors, or employees whose duties and responsibilities require access to such materials;

  e. independent litigation support service personnel such as translators, duplicating services, and auxiliary services of like nature;

  f. testifying witnesses other than the parties;

  g. expert consultants or witnesses;

  h. mediators; and

  i. persons who, as indicated on the face of the Discovery Material that has been designated "CONFIDENTIAL" or from the source information provided by the Producing Party, have received the Discovery Material or seen it prior to the date such Discovery Material is produced in this Action.

  7. Material marked or otherwise designated as "CONFIDENTIAL-ATTORNEY EYES ONLY" shall be maintained in confidence by counsel for the party to whom such material is produced, shall not be used or disclosed by such counsel for any purpose or function except in connection with the preparation and conducting of this Action, including depositions, trials, and appeals, if any, and shall not be used in any other civil action or for any other purpose. Materials marked or otherwise designated as "CONFIDENTIAL-ATTORNEY EYES ONLY" shall not be disclosed by such person to any other person except those listed in Paragraph 6(a)-(b), (d)-(e), and (h).

  8. Material marked or otherwise designated "CONFIDENTIAL" shall not be disclosed to persons in Paragraph 6(f)-(g) without execution of the attached Certification To Stipulated Protective Order. Material marked or otherwise designated "CONFIDENTIAL-ATTORNEY EYES ONLY" may be disclosed to persons in Paragraph 6(f)-(g) only with prior

written approval from the opposing party and after execution of the attached Certification To Stipulated Protective Order. Such approval shall not be witheld absent good cause.

9. The parties hereto agree that if any person not authorized to receive "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" information under the terms of this Protective Order is present at any deposition in this Action or at a hearing, trial, or other court proceeding, that person shall be asked to leave that proceeding for the period of time during which such information material is the subject of questioning or, if necessary, be allowed to remain in that proceeding after executing the Certification To Stipulated Protective Order.

10. The attorneys of record for a party who wishes to disclose information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" to persons other than those identified in Paragraph 6 shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure can be made. If they cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. No disclosure of the information to persons other than those identified in Paragraph 6 shall be made pending a ruling by the Court.

11. A party shall not be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it shall send or give notice to the other party and to any third party who designated the information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" and shall attempt in good faith to resolve any challenge on an expedited and informal basis. The party which designated such information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" shall have the burden of proving that the

information at issue is entitled to such designation by a preponderance of the evidence. The information at issue shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" until the parties agree or the Court determines otherwise.

12. Discovery Material produced without the designation of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" may be designated subsequent to production or testimony when the Producing Party failed to make such designation at the time of production or during the testimony through inadvertence or error. If Discovery Material is designated subsequent to production or testimony, the designating party may ask the Receiving Party to use its best efforts, at the designating party's expense, to promptly collect any copies that have been provided to individuals other than those identified in Paragraph 6 of the Protective Order.

13. Notwithstanding the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures, including Local Rule 5.3 of the Local Rules of Civil Procedure for the Western District of New York, for requests for filing under seal, and the Court retains discretion on whether to allow such treatment of the designated materials.

14. This Protective Order shall remain in full force and effect after the termination of this Action, or until cancelled or otherwise modified by a Court order or by written agreement of the parties.

15. Jurisdiction of this Action is to be retained by this Court, after final determination or settlement, for purposes of enabling any party to this Protective Order to apply to the Court for such direction, order, or further decree as may be appropriate for the construction, modification, enforcement, or compliance herewith or for the punishment of any violation hereof, or for such

additional relief as may become necessary to realize the intentions of this Protective Order.

16. At the conclusion of this case, all Discovery Material that has been marked or otherwise designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" or that qualifies as "protected health information" under HIPAA, and all copies thereof, shall be returned to the Producing Party, or the Receiving Party's counsel shall certify in writing to the Producing Party's counsel that such materials have been destroyed

17. Nothing in this Protective Order shall be deemed to waive any otherwise applicable privilege or any objection as to the admissibility of evidence.

18. Any privileged material that is inadvertently produced during discovery in this Action shall promptly be returned to the Producing Party upon written request. Such inadvertent disclosure shall not constitute a waiver of any applicable privilege for any purpose.

19. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, this Protective Order will be treated as though it has been "So Ordered."

20. Nothing in this Protective Order shall preclude any party or non-party from seeking or obtaining from the Court different or further protection or relief pursuant to Fed. R. Civ. P. 26(c) or any other provision of the Federal Rules of Civil Procedure.

By: __/s/ Molly K. Webster__

Molly K. Webster
Vlad Shafran*
KKL LLP
350 Fifth Avenue, 77th Floor
New York, New York 10118
Tel.: (212) 390-9550

*Counsel for Plaintiff*

*\*admitted pro hac vice*

By: __/s/ Hillel Deutsch__

Hillel Deutsch
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Tel.: (585) 546-7430

*Counsel for Defendants*


SO ORDERED:

*[signature: Colleen D. Holland]*

Honorable Colleen D. Holland
United States Magistrate Judge, WDNY


Date: 06/10/2025

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC WELLINGTON,<br><br>                    Plaintiff,<br><br>v.<br><br>LT. CHRISTOPHER LEARN, SGT. JEFFREY WOOD, CO PAUL TOMISMAN, CO TODD BOWMAN, CO DOUGLAS OTTO, CO GREG CHORNEY, CO TIMOTHY SEWALT,<br><br>                    Defendants. | No. 6:22-CV-6145 (CJS) (CDH)<br><br>CERTIFICATION TO STIPULATED PROTECTIVE ORDER |

I hereby acknowledge that, in connection with the above-captioned case, I am about to receive information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY." I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY," as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

_____          _____
Printed Name                                                  Signature